## R. D. SMITH v. THE STATE.

EVIDENCE.—On the trial of one charged with removing cattle from their accustomed range, (under art. 6549, Pas. Dig.,) the defendant may show that he purchased the cattle from one who represented himself as agent of the owner of cattle of the same road-brand, which had estrayed from the herd while passing through the county, for the purpose of rebutting the presumption of felonious intent arising from defendant's possession of the stock; and such evidence is admissible, though the defendant may not be able to show a written bill of sale, acknowledged, certified, and recorded, to the alleged owner of the herd, for the cattle, or cattle of the same brand.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

R. D. Smith was indicted on the 7th of November, 1873, the indictment charging that he "did, on the 15th day of October, A. D. 1873, * * unlawfully and willfully take into his possession, and drive, use, and remove from its accustomed range, certain live stock," &c. The second count charged an intent to deprive the owner of the value, &c. The defendant attempted to explain his possession of the stock, by showing his purchase from one who claimed to have authority to dispose of the same from the owner, who had lost them from his herd while driving through the county. This testimony was excluded until the defendant could show that the principal whose agent had sold to defendant had himself a proper bill of sale, showing a complete chain of title to the stock. The action of the court in this regard was assigned for error.

Verdict, guilty, fine assessed at one thousand dollars, and judgment accordingly, from which defendant appealed.

*J. A. Houghton,* for appellant.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant was in-
dicted, tried, and convicted (under art. 766 of the Criminal
Code, Pas. Dig., art. 6549) for having taken into his pos-
session, and removing from its accustomed range, a cow
branded in two places with the letter O and figure 2, with
the intent, &c., the cow not being his own, &c.

Defendant's motion for a new trial having been over-
ruled, an appeal was taken, and the case is presented on
the exceptions taken and errors assigned.

So much of the assignment of errors will be noticed as is
deemed of any importance.   It is sufficient to say that the
assignment that "the court erred in its instructions to the
jury" is not sustained by an examination of the charge of
the court to the jury.   The charge and instructions of the
court are full, clear in statement, and embrace "the law
applicable to the case."

Defendant excepted to the refusal of the court to admit
the evidence of Napier and Halabe, on behalf of defend-
ant, to show that in April, 1872, one James Lane, said to
be from Gonzales, was driving a drove of cattle to Kansas,
and in passing through Williamson county informed wit-
nesses and other persons that his herd had "stampeded;"
that he authorized them and others to gather and sell or
dispose of such stock belonging to him, Lane, and that
his road-brand was a figure 2.   Defendant further offered
to prove by Halabe that he had been authorized by Halabe
to collect the stock said to belong to Lane, and having the
road-brand 2, and that Halabe sold to him the animal
described in the indictment, having first informed defend-
ant of his authority from Lane to sell the same.   The court
refused to permit the witnesses "to testify to any of these
facts, unless accompanied with proof that said James Lane,

the owner, had at the time a written bill of sale or bills of sale of these alleged lost cattle, duly acknowledged or proven, and recorded and certified, as by law provided." The court further refused to permit Halabe to testify to the sale of the cow by him to defendant, "unless upon the further proof of said James Lane having for himself a proper written bill of sale of said cow, so as to show a complete chain of title to the cow."

We think the evidence was admissible in order to explain the possession of the animal charged to have been stolen. While his possession of it was *prima facie* illegal, such possession was not conclusive of a felonious taking. (See Mills *v.* The State, decided during the present term.) And while the evidence might not be sufficient to show title in defendant or Halabe to the property, or authority to drive or sell, it was nevertheless evidence that should have been permitted to go to the jury, in aid of the accused in rebutting, so far as it, in the mind of the jury, tended to rebut the felonious intent. How far, under all the facts and circumstances of the case, it might go in favor of the defendant, it is not our province to determine. It was testimony, however, to which the accused was entitled, as it might have led the jury to reduce the punishment to the penalty prescribed for a misdemeanor, under art. 767 of the Criminal Code, (Pas. Dig., art. 6553.) The refusal of the court to permit the evidence to go to the jury was error, for which the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.